IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| VINITA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:16cv923 HEH |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINSTRATION, ERIN MCNEILL, | ) | |
| and JOHNSON CONTROLS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
(Overruling Objections and Adopting Report and Recommendation)

THIS MATTER is before the Court on the Report and Recommendation ("R&R") (ECF No. 35) of United States Magistrate Judge David Novak that this Court grant Defendant Erin McNeill's Motion to Dismiss Plaintiff Vinita Johnson's Amended Complaint. (Mot. to Dismiss, ECF No. 13.) Johnson timely filed her objections to the R&R on April 21, 2017. (Pl.'s Objs., ECF 36.)

This Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not materially aid in the decisional process. E.D. Va. Local Civ. R. 7(J).

For the reasons stated herein, the Court will overrule Johnson's objections and the R&R will be adopted as the opinion of the Court. Accordingly, the Court will grant McNeill's Motion and dismiss Johnson's Amended Complaint without prejudice as it pertains to McNeill.

1

## I. BACKGROUND

On January 5, 2017, Johnson, proceeding *pro se*, filed her Amended Complaint alleging, among other things, causes of action stemming from her previous employment at the Nottoway Correctional Center and the Social Security Administration's denial of her social security benefits pursuant to 42 U.S.C. § 405(g). (*See generally* Am. Compl., ECF No. 7.)

Johnson's Amended Complaint is difficult to decipher as she "assert[s] a patchwork of factual allegations, quotations from and chronologies of proceedings." (R&R 2.) The Magistrate Judge endeavored to summarize Johnson's claims as follows:

> First, Plaintiff appears to challenge the Social Security Administration's decision denying her application for benefits. Second, Plaintiff weaves together quotations from and facts relating to an unfavorable decision from the Virginia Department of Employment Dispute Resolution that she appealed to the Nottoway County Circuit Court. Third, Plaintiff cites details from a case that she filed against the Virginia Employment Commission in state court. Fourth, Plaintiff recites a history of proceedings related to her claim or claims before the Virginia Workers' Compensation Commission and the Court of Appeals of Virginia. Finally, after a vague reference to her medical records, Plaintiff asserts a personal injury claim for pain in her wrists from turning cell doorknobs during her employment at Nottoway Correctional Center.

(*Id.* (internal citations omitted).)

Johnson named multiple Defendants in this case, including McNeill, an Assistant Attorney General for the Commonwealth of Virginia. However, Johnson's Amended Complaint is conspicuously devoid of any legal or factual allegations pertaining to McNeill. (*See generally* Am. Compl.) On January 31, 2017, McNeill filed a Motion to Dismiss Johnson's Amended Complaint pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6). McNeill also provided Johnson with a notice consistent with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), as required by Local Rule 7(k). (ECF No. 15.)

On February 2, 2017, this Court issued an Order referring McNeill's Motion and any subsequent pre-trial motions filed in this matter to the Magistrate Judge. (ECF No. 17.) Johnson filed her Response in Opposition to McNeill's Motion to Dismiss on February 21, 2017. (ECF No. 20.) Upon review, the Magistrate Judge concluded that Johnson failed to allege sufficient facts to survive a review under Rule 12(b)(1) or Rule 12(b)(6):

> The Amended Complaint, as asserted against McNeill, fails to allege sufficient facts to survive the defenses that McNeill raises under Rule 12(b)(1) or Rule 12(b)(6). The only allegations in the Amended Complaint that appear to assert federal subject matter jurisdiction relate to Plaintiff's denial of social security benefits by the Social Security Administration. Plaintiff *alleges no facts* that connect McNeill to her denial of benefits. Indeed, the Amended Complaint *does not allege any facts relating to McNeill whatsoever*. Likewise, Plaintiff's response in opposition to the motion to dismiss lacks any factual allegation concerning McNeill. Thus, Plaintiff falls short of alleging a "plausible" set of facts to constitute a cognizable cause of action against McNeill.

(R&R 4 (emphasis added).)

Accordingly, the Magistrate Judge recommended that this Court grant McNeill's Motion to Dismiss and that Johnson's Amended Complaint be dismissed without prejudice.

Johnson's objections followed.

## II. Johnson's Objections

Though difficult to follow, it appears Johnson has raised three cognizable objections related to the Magistrate Judge's R&R.

3

In Johnson's first objection, she contends, for the first time, that McNeill made a false allegation of sexual misconduct against her. (Pl.'s Objs. 7 ("The judge should grant penalties against [McNeill] for 'all' tort claims, including the penalties for making false allegations 'tort claims' regarding sexual misconduct.").)

In Johnson's second objection, she appears to allege that, pursuant to 28 U.S.C. § 636, the Magistrate Judge did not have the authority to enter an R&R regarding a motion to dismiss pursuant to Rule 12(b)(6). (*Id.* at 3.) Johnson emphasizes the words "failure to state a claim" in an attempt to argue that McNeill's Motion is beyond the purview of the Magistrate Judge. (*Id.*)

In Johnson's third objection, she appears to challenge the Magistrate Judge's finding that this Court lacks subject-matter jurisdiction over her case by interjecting various statutes omitted from her Amended Complaint. (*Id.* at 5, 7–8.) For example, Johnson cites to the False Claims Act, 31 U.S.C. §§ 3729–33; 18 U.S.C. §§ 2241–44, a criminal statute pertaining to sexually abusive conduct in prisons; 11 U.S.C. § 507, concerning bankruptcy priorities; and 28 U.S.C. § 4101, listing definitions for defamation. (*Id.*) None of these statutes are applicable to the claim under review.

### III. STANDARD OF REVIEW

This Court reviews *de novo* any part of the Magistrate Judge's Report and Recommendation to which a party has properly and timely objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see also Wells v. Shriners Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997) ("If written objections to a magistrate judge's recommendations are not filed with the district court within [the required time], a party waives its right to an

appeal."). A reviewing court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The recommendation has no presumptive weight, and the responsibility to make a final determination remains at all times with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). "[T]he court . . . shall make a *de novo* determination of *those portions* of the report or *specified* proposed findings or recommendations to which objection is made." *United States v. George*, 971 F.2d 1113, 1117 (4th Cir. 1992) (emphasis added) (citation and internal quotation marks omitted). Where an objection is properly levied, the district court must consider any new argument, regardless of whether it was raised before the Magistrate Judge. *Id.* at 1118. A failure to object also constitutes a waiver of appeal to the Fourth Circuit. *Wells*, 109 F.3d at 199.

The Court acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evidence in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

## IV. ANALYSIS

In the case at hand, Johnson filed timely objections to the Magistrate Judge's recommendation that this Court should grant McNeill's Motion to Dismiss.

Here, Johnson's first objection— an allegation that McNeill falsely accused her of sexual misconduct—has no mooring, factual or otherwise, to the four corners of the Amended Complaint. Consequently, the Court may not consider it at this Rule 12(b)(6) stage.[1] *See E.I. du Pont Nemours& Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) ("In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint. However, the district court cannot go beyond these documents on a Rule 12(b)(6) motion; if it does, it converts the motion into one for summary judgment" (internal citations omitted)). Therefore, the Court will overrule this objection.

Johnson's second objection attempts to argue that the Magistrate Judge lacked the authority to enter the R&R. (*Id.* at 3.) Johnson correctly states that under 28 U.S.C. § 636, the Magistrate Judge cannot hear and determine a motion to dismiss for failure to state a claim. (*Id.* (citing 28 U.S.C. § 636(b)(1)(A)).) However, Johnson seems to confuse the Magistrate Judge's R&R with a final judgement from this Court. (*Id.*) Pursuant to 28 U.S.C. § 636, the District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court

---

[1] To the extent that Johnson raises additional objections that go beyond the four corners of the Amended Complaint, the Court also finds that it would be improper to entertain them at this point in litigation. For example, Johnson alleges McNeill is in civil contempt and cites numerous Georgia tort statutes in her Objections. (*See* Pl.'s Objs. 3–4.) However, none of these claims, or any facts sufficient to support them, are found in her Amended Complaint.

proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion . . . ," including a motion to dismiss for failure to state a claim. 28 U.S.C. §§ 636(b)(1)(A)–(B). Consequently, the Court finds that Johnson's objection to the Magistrate Judge's authority to enter an R&R is entirely devoid of merit and will therefore be overruled.

Finally, in Johnson's third objection, she maintains that this Court has federal subject-matter jurisdiction, contrary to the finding of the Magistrate Judge. (Pl.'s Objs. 5, 7.) The Court finds this argument equally unavailing as she alleges no facts to support a claim under any of the federal statutes she cites. The legal theories she relies upon are either inapplicable or beyond the scope of the Amended Complaint. Consequently, the Court will overrule this objection as well.

## IV. CONCLUSION

Despite affording Johnson's Amended Complaint and objections a liberal construction, the Court agrees with the Magistrate Judge's conclusion that her Amended Complaint fails to allege subject-matter jurisdiction or a "plausible" set of facts to satisfy the standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Accordingly, this Court will overrule Johnson's objections and adopt the R&R (ECF No. 35.) The Court will grant McNeill's Motion (ECF No. 13) and dismiss Johnson's Amended Complaint (ECF No. 7) without prejudice as it pertains to McNeill.

An appropriate Order will accompany this Memorandum Opinion.

Date: June 16, 2017
Richmond, Virginia

/s/
Henry E. Hudson
United States District Judge