IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VINITA JOHNSON, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:16CV923-HEH
)
NANCY A. BERRYHILL, )
Acting Commissioner of )
Social Security, )
)
Defendant. )

## MEMORANDUM OPINION
(Adopting Report and Recommendation of Magistrate Judge)

This is an action challenging the Social Security Administration's ("SSA") denial of Disability Benefits and Supplemental Security Income to Plaintiff Vinita Johnson ("Plaintiff"). The matter is presently before the Court on the Report and Recommendation ("R&R," ECF No. 51) of the United States Magistrate Judge recommending that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and affirm the decision of the SSA. Plaintiff has filed Objections (ECF No. 52). The Court will dispense with oral arguments because it would not aid in the decisional process.

For the reasons stated herein, the R&R will be adopted as the Opinion of the Court. Accordingly, Plaintiff's Motion for Summary Judgment will be denied, and the Defendant's Motion for Summary Judgment will be granted. The decision of the Commissioner will be affirmed.

## I.  BACKGROUND

Plaintiff filed her applications for Disability Benefits and Supplemental Security Income on September 16, 2014 and September 27, 2014, respectively. (R. at 222–27.) She previously worked as a stock clerk and a corrections officer and claims an entitlement to these benefits due to multiple disabilities that date back to February 9, 2011. (R. at 222, 241, 254–56.) The SSA first denied Plaintiff's request for benefits on December 2, 2014 and then again on July 6, 2015 after reconsideration. (R. at 92–115, 118–49.) The Administrative Law Judge ("ALJ") conducted a hearing via video teleconference on August 2, 2016, during which both Plaintiff and a vocational expert ("VE") testified. (R. at 23–67.) Thereafter, the ALJ issued a written opinion finding that Plaintiff did not qualify as disabled under the Social Security Act ("Act"), because she could perform jobs existing in significant numbers in the national economy. (R. at 153–65.) The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision as the final decision of the Commissioner for purposes of judicial review. (R. at 10–12.)

Plaintiff filed the present civil action seeking review of the SSA's denial on November 17, 2016. (ECF No. 1.)[1]

---

[1] On December 20, 2017, Plaintiff filed a Motion (ECF No. 50) seeking "a monetary award in compensation for a financial loss, loss of or damage to personal or real property, or an injury." The contents of the Motion are largely incomprehensible, but it is clear that the facts underlying this Motion are unrelated to the present claim for Social Security benefits. Plaintiff neither requested nor received leave to file this Motion. Consequently, this Motion will be denied.

## II. STANDARD OF REVIEW

A reviewing court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). When reviewing a denial of benefits by the SSA pursuant to 42 U.S.C. § 405(g), this Court must accept the SSA's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

Additionally, the Court acknowledges that *pro se* litigants are afforded some leeway in constructing their arguments. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). However, this leeway is not without limits. As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

## III. DISCUSSION

Notwithstanding the leniency afforded to Plaintiff's filings, her Objections are insufficient and do not require de novo review. The Court fully appreciates the "special judicial solicitude" with which it must view *pro se* filings; however, the Court is also mindful that such filings do not "transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal citations omitted)). Plaintiff's Objections do not direct the Court to any specific error in the R&R. The only element of the Magistrate Judge's report or the underlying opinion by the ALJ that Plaintiff references with any particularity is the VE's testimony regarding jobs existing in significant numbers in the national economy, which she describes as "bogus," "preposterous," and "hearsay." (Obj. 3.) However, Plaintiff makes these conclusions without providing any indication as to why the VE's testimony is objectionable.

A review of the ALJ's decision and the record nevertheless confirms that the ALJ properly relied on the testimony of the VE. After considering the entire record, including a prior opinion of a different ALJ, the opinions of claimant's treating physicians, and the opinion of the state disability experts, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work with additional limitations. (R. at 158–63.) The VE testified that, given Plaintiff's RFC and her relevant background characteristics, she could perform work that exists in significant numbers in the national economy. (R. at 164–65.) Specifically, Plaintiff could perform the work of a kitchen helper, food prep worker and a hand packer. (*Id.*) The VE based this testimony off the requirements for those jobs as listed in the Dictionary of Occupational Titles and further

4

determined that no conflict existed between the job requirements and the hypothetical limitations posed by Plaintiff's RFC. (R. at 60–62.) As such, the ALJ's reliance on the VE's testimony is neither bogus nor preposterous and of course is not hearsay.

Plaintiff additionally alleges that "[t]here is 'genuine' evidence in support for an award letter" without providing any indication as to what that evidence may be or where it can be found. (Obj. 2.) Plaintiff has failed to identify any specific error in the Magistrate Judge's R&R. Therefore, de novo review is also not necessary as to this issue.

## IV.    CONCLUSION

After reviewing the R&R and the facts and record of this case, the Court finds that the Magistrate Judge correctly determined that the ALJ applied the appropriate legal standard and that substantial evidence supports the ALJ's decision. The Court therefore will adopt the R&R. Accordingly, Plaintiff's Motion for Summary Judgment will be denied. Defendant's Motion for Summary Judgement will be granted, and the Commissioner's decision will be affirmed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 22, 2018
Richmond, Virginia